UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MATHEW DESPINS,<br><br>  PLAINTIFF,<br><br>v.<br><br>KNOWLEDGE AI, INC.,<br>and<br>JOONHEE (MICHAEL) WON, CHIEF<br>EXECUTIVE OFFICER KNOWLEDGE AI,<br>INC.,<br>and<br>BRIAN SCHREIBER, CHIEF OPERATING<br>OFFICER, KNOWLEDGE AI, INC.,<br><br>  DEFENDANTS. | Civil Action No. 1:24-cv-12255 |

**DEFENDANTS' NOTICE OF REMOVAL
TO THE UNITED STATES DISTRICT COURT**

Defendants Knowledge AI, Inc., Joonhee (Michael) Won, and Brian Schreiber hereby give notice that they are removing this case from the Superior Court of the Commonwealth of Massachusetts, County of Middlesex, to this Court.  Removal is based on 28 U.S.C. §§ 1332(a), and the following:

**The State Court Proceedings**

1.     On or about July 2, 2024, Plaintiff Matthew Despins[1] filed a Complaint in the Superior Court of the Commonwealth of Massachusetts, County of Middlesex.  The case is titled *Mathew Despins v. Knowledge AI, Inc. et al.*, Middlesex Superior Court, Civil Action No. 2481-CV-01751.  Copies of the Complaint and Summonses are annexed hereto as **Exhibit A**.

---

[1] The caption in this matter spells the Plaintiff's first name as "Mathew" but Defendants' records contain the spelling "Matthew."

2.      There is a dispute about service of the Complaint in this matter.  Plaintiff alleges that Defendants were served with the Complaint and Summonses on July 16, 2024.  However, Defendants aver that they never received such notice, and did not receive notice of this lawsuit until their General Counsel, while responding to a legal request for Plaintiff's personnel file, learned from Plaintiff's counsel that a lawsuit was forthcoming.  Affidavit of Michael Joonhee Won, annexed hereto as **Exhibit B**.  On August 5 and August 6, 2024, Defendants' counsel asked Plaintiff's counsel for a copy of the Complaint, but Plaintiff's counsel refused to provide one.  See e-mails between S. Schwartz and W. Jacobs dated August 5-6, 2024, annexed hereto as **Exhibit C**.  Therefore, this Notice of Removal is properly filed within 30 days after Defendants received notice of the Complaint and Summonses on August 5, 2024.

3.      This is a wrongful termination suit.  According to the allegations in the Complaint, Defendants retaliated against Plaintiff for engaging in protected conduct and unlawfully terminated his employment.

4.      The parties are of diverse citizenship:

(a)      Plaintiff Mathew Despins is a resident of Maine;[2]

(b)      Defendant Joonhee (Michael) Won is a resident of the Commonwealth of Massachusetts (see Declaration of Carolyn A. McMenemy ("McMenemy Decl."), annexed hereto as **Exhibit F** ¶ 3);

(c)      Defendant Brian Schreiber is a resident of the Commonwealth of Massachusetts (see McMenemy Decl., ¶ 4);

(d)      Defendant Knowledge AI, Inc. is incorporated in the State of Delaware

---

[2] Plaintiff's Complaint merely states in ¶ 3 that he is "an individual."  However, the address he gave when he was hired at Defendants' company is 119 Forest Street, Westbrook, ME 04092.  See redacted payroll coversheet, annexed hereto as **Exhibit D**.  Moreover, upon termination, he applied for unemployment from the state of Maine, according to a telephone call received by Defendant Schreiber, which was then memorialized in an e-mail from an Accounting Specialist at the Maine Department of Labor on July 31, 2024.  See E-mail dated July 31, 2024 and Request for Missing Registration Information mailed to Defendant's headquarters by the Maine Department of Labor on August 7, 2024, annexed hereto as **Exhibit E**.

(see McMenemy Decl., ⁋ 1);

5.      The Complaint and Civil Action Cover Sheet (**Exhibit G**) reveal that Plaintiff seeks compensatory damages in the amount of at least $78,000, payment of all wages, back wages, forward wages, triple damages, costs of litigation, attorney's fees, and punitive damages. Based upon the nature of Plaintiff's claims and claimed damages, the amount in controversy requirement of 28 U.S.C. § 1332 has been satisfied.

6.      The Court's determination of the amount in controversy is not measured "by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." Werwinski v. Ford Motor Co., 286 F.3d 661, 666 (3d Cir. 2002) (quoting Angus v. Shiley Inc., 989 F.2d 142, 146 (3d Cir. 1993)).  In determining whether the "amount in controversy" requirement has been met, the First Circuit applies the "legal certainty" standard, which holds that remand is only appropriate if it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." Ortega v. Star-Kist Foods, Inc., 370 F.3d 124, 127 (1st Cir. 2004) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-289 (1938)).  Stated differently, in order for remand to be proper, it must be clear to a "legal certainty," from the face of the pleadings, that the plaintiff cannot recover an amount in excess of the jurisdictional minimum. Spielman v. Genzyme Corp., 251 F.3d 1, 5 (1st Cir. 2001); Coventry Sewage Assocs. v. Dworkin Realty Co., 71 F.3d 1, 6 (1st Cir. 1995).  Based on the nature of Plaintiff's claimed injuries of $78,000 alone, notwithstanding the request for statutorily required payment of attorneys' fees as well as punitive damages, the amount in controversy readily exceeds $75,000.

7.      As of this date, Defendants have not filed a responsive pleading.  At the same time that this notice was filed, Defendants filed a motion to set aside the default entry that was entered against all Defendants on August 19, 2024 so that they may answer the Complaint.

8.      This Notice of Removal is being filed in the United States District Court for the District of Massachusetts, which is the District Court of the United States for the district and division within which the state court action is pending, as required by 28 U.S.C. §§ 1446(a) and 1441(a).

9.      Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be sent to Plaintiff's counsel, and a copy of the Notice of Removal will be filed with the Clerk of the Superior Court of the Commonwealth of Massachusetts, in the form annexed hereto as **Exhibit H**.

10.      By removing this action to this Court, Defendants do not waive any defenses, objections or motions available to them under state or federal law.  Defendants expressly reserve the right to move for dismissal of Plaintiff's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure.

11.      This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

Respectfully submitted,

KNOWLEDGE AI, INC.,
and
JOONHEE (MICHAEL) WON, CHIEF EXECUTIVE OFFICER KNOWLEDGE AI, INC.,
and
BRIAN SCHREIBER, CHIEF OPERATING OFFICER, KNOWLEDGE AI, INC.,
By its attorneys,


*/s/ Carolyn A. McMenemy*
Carolyn A. McMenemy (BBO # 706246)
SCHWARTZ HANNUM PC
11 Chestnut Street
Andover, MA  01810

-4-

-5-

(978) 623-0900
cmcmenemy@shpclaw.com

*/s/ Stefani C. Schwartz*
Stefani C. Schwartz (I.D.# 014661996)
HATFIELD SCHWARTZ LAW GROUP
ta240 Cedar Knolls Road Suite 303
Cedar Knolls, NJ 07927
(973) 632-8297
sschwartz@hatfieldschwartzlaw.com
***Pro hac vice motion forthcoming***

Dated: August 30, 2024

**<u>CERTIFICATE OF SERVICE</u>**

I, Carolyn A. McMenemy, hereby certify that the foregoing was served on the following person on this 30th day of August 2024, via Fed-Ex Mail:

W. Jacobs and Associates at Law, L.L.C.
795 Turnpike Road
North Andover, MA 01845
*Counsel for Plaintiff*

/s/ *Carolyn A. McMenemy*
Carolyn A. McMenemy